# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, ET AL.,

    Defendants.
                                  /

Case Number: 2:10-CV-14708

HONORABLE STEPHEN J. MURPHY, III

## ORDER OF SUMMARY DISMISSAL

This is a civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff Robert Lee Childress, Jr., who is currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, alleges that he was falsely incarcerated in the Milan Federal Correctional Institution ("FCI-Milan") at the direction of the Federal Bureau of Prisons ("BOP"). Childress has been granted *in forma pauperis* status and is proceeding without prepayment of the filing fee in this action pursuant to 28 U.S.C. § 1915(a)(1) . For the reasons stated below, the Court will dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A, because it fails to state a claim upon which relief may be granted.

## BACKGROUND

Childress' claims arise from his incarceration at FCI-Milan. Childress asserts that, on February 15, 2007, he was paroled by the Michigan Parole Board into the custody of the United States Marshal's Office. Childress alleges that the Marshal's Office then instructed the St. Clair County Sheriff's Office to deliver Childress to FCI-Milan. Childress claims that he told a correctional officer upon arrival at FCI-Milan that he had already served his prison

sentence, and that the correctional officer informed him that the paperwork from the Marshal's Office indicated that he had not served his sentence. Several days later, Childress informed the warden of FCI-Milan that he had already completed his term of imprisonment for his federal crime. The warden contacted the BOP, and Childress was released from FCI-Milan on February 27, 2010.

Childress names as defendants the BOP, the Director of the United States Department of Justice Harley Lappin, Warden of FCI-Milan J.S. Walton, United States Marshal Robert M. Grubbs, and St. Clair County Sheriff Tim Donnellon. He seeks $18 million in compensatory damages and $18 million in punitive damages. Childress sues all of the individual defendants in their official capacities.

## LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B) & 1915A.

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Childress' complaint is subject to dismissal.

2

**ANALYSIS**

Childress' claims against Lappin, the Bop, Walton, and Grubbs are insufficient as a matter of law. § 1983 provides a right of action against state officials who violate a plaintiff's rights under the United States Constitution or federal law. Lappin, the BOP, Walton, and Grubbs operate under color of federal, not state, law, and they are, therefore, not subject to suit under § 1983. *See Franklin v. Henderson*, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); *Kostyu v. Ford Motor Co.*, No. 85-1207, 1986 WL 16190, at *1 (6th Cir. July 28, 1986).

Even if the Court assumed that Childress' claims against Lappin, the BOP, Walton and Grubbs were filed pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the claims are still subject to summary dismissal. First, Childress cannot pursue a *Bivens* claim against the BOP because a *Bivens* action may not be brought against a federal agency. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). Further, Childress' claims against Lappin, Walton, and Grubbs, in their official capacities for money damages, are barred because a *Bivens* claim may not be asserted against a federal officer in his official capacity. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). A suit against a government official in his or her official capacity is equivalent to a suit against the entity itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Childress' claims against Lappin, Walton, and Grubbs are, therefore, claims asserted against the United States. Because the United States has not waived its sovereign immunity with regards to *Bivens* actions, such suits cannot be brought against the United States. *See Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348,

1351-52 (6th Cir.1989); *Ashbrook v. Block*, 917 F .2d 918, 924 (6th Cir.1990). Therefore, the claims against Lappin, Walton, and Grubbs are barred by sovereign immunity.

Finally, although Donnellon is a state actor, Childress claims against him are also insufficient. Childress makes no specific allegations against Donnellon, and his claim against Donnellon appears to be predicated on a theory of *respondeat superior.* The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). In this case, Childress fails to allege any specific conduct by Donnellon that would support a finding that he directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Accordingly, Childress fails to state a claim against Donnellon.

Therefore, the Court concludes that Childress has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 or *Bivens*. Accordingly, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) & § 1915A. The Court also concludes that an appeal from this order would be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**WHEREFORE it is hereby ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A for failure to state a claim upon which relief can be

granted.

**SO ORDERED**.

                                                             s/Stephen J. Murphy, III
                                                           STEPHEN J. MURPHY, III
                                                           United States District Judge

Dated: December 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 10, 2010, by electronic and/or ordinary mail.

                                                             Alissa Greer
                                                             Case Manager